UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TYRON JAROME HAKIM DOUGLAS,<br><br>Plaintiff,<br><br>v.<br><br>MICHELLE J. FERGUS, et al.,<br><br>Defendants. | CIVIL ACTION<br>NO. 23-40144-DHH |

### ORDER

**November 1, 2023**

**Hennessy, M.J.**

*Pro se* Tyron Jarome Hakim Douglas has filed a civil complaint in which he seeks his "rightful . . . ownership in [his] 'Natural Person.'" Compl. at 1. In his prayer for relief, he seeks 104 "zillions dollars" for himself and each family member and "a mansion for [his] choosing." *Id.* at 2. He wrote his complaint on poster-sized paper. He did not pay a filing fee or file a motion for leave to proceed *in forma pauperis*.

Upon review of Douglas's filing, the Court hereby orders:

1. If Douglas wishes to proceed with this action, he must either (1) pay the $402 filing fee for commencing a non-habeas civil action; or (2) seek leave to proceed without prepayment of the filing fee by completing and signing an Application to Proceed in District Court Without Prepayment of Fees or Costs ("Application"). If Douglas is a prisoner,[1] he must include with the Application a statement of his institutional account covering the six-month

---

[1] For purposes of this order, a "prisoner" means "any person incarcerated or detained *in any facility* who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h) (emphasis added).

period preceding the commencement of this action.  *See* 28 U.S.C. § 1915(a)(2).[2]  Failure to comply with this order within twenty-eight (28) days may result in dismissal of this action by a District Judge.

    2.    If Douglas wishes to pursue this action, he must file an amended complaint which (1) contains "a short and plain statement of the claim showing that [he] is entitled to relief," *see* Fed. R. Civ. P. 8(a); and (2) is written or typed on flat 8½" x 11" paper, *see* Local Rule 5.1(a)(2) (D. Mass.).  Failure to comply with this order within twenty-eight (28) days may result in dismissal of this action by a District Judge.

Douglas's statement of his claim does not show that he is entitled to relief.  In addition to seeking his "rightful . . . ownership in [his] 'Natural Person,'" Compl. at 1, Douglas purports to make a distinction between his "natural person" and the "[F]icticious [N]ames" or "[F]icticious [P]ersons," who are "currently 'known' as" the named defendants--who are his parents, *id.* (brackets in original).  Douglas signed the complaint in all capital letters: "TYRON JAROME HAKIM DOUGLAS" with a registration symbol following his name.  *Id.* at 3.  This distinction between a "natural person" and a "fictitious person" is nonsensical and has been rejected.  *See, e.g.*, *United States v. Nissan*, 555 F. Supp. 3d 1174, 1203 n.8, 1204 (D.N.M. 2021); *Chad-Alan: HEATH v. Spencer*, C.A. No. 22-00467, 2022 WL 4316157, at *2 (W.D. Ky. Sept. 19, 2022) (citing cases).

                                            /s/ David H. Hennessy
                                            David H. Hennessy
                                            United States Magistrate Judge

---

[2] The fee for commencing a non-habeas civil action consists of a $350 statutory filing fee, *see* 28 U.S.C. § 1914(a), and a $52 administrative fee.  Where a prisoner (including a pretrial detainee) is allowed to proceed without prepayment of the filing fee, the $52 administrative fee is waived, but he must still pay the $350 statutory filing fee over time regardless of the duration or outcome of the lawsuit.  *See* 28 U.S.C. § 1915(b).